SUSAN M. CHEHARDY, Judge.
| pThis appeal arises in a bond forfeiture proceeding. The surety appeals the district court’s denial of the surety’s Motion to Set Aside Judgment of Bond Forfeiture. *107 We vacate and remand for new proceedings.
On December 1, 2003 John D. Williams was charged with three counts of violation of La.R.S. 14:71, issuing worthless checks. On February 12, 2004 he entered a plea of not guilty and the court set a bond of $500.00 on each count. The defendant posted a commercial surety bond in the amount of $1,500.00, underwritten by Bankers Insurance Company (“Bankers”).
On March 28, 2005 the defendant failed to appear for trial. The State made an oral motion for bond forfeiture, which the trial court granted in a written judgment rendered the same date. The notice of judgment was mailed to Bankers on April 5, 2005.
On August 29, 2005 Hurricane Katrina devastated much of south Louisiana, including Jefferson Parish, resulting in disruption and suspension of most government services, business transactions, and normal life activities for an extended period. As a result of the problems created by the hurricane damage, the 1 ¡¡Governor of Louisiana issued a series of executive orders that extended deadlines in legal proceedings, beginning on September 6, 2005.[1]
On October 17, 2005 the attachment on the defendant was recalled. That was several days more than six months after the mailing of notice of the judgment of bond forfeiture.
On October 25, 2005, Bankers filed a motion to set aside the judgment of bond forfeiture. Bankers asserted the judgment of bond forfeiture is an “absolute non enforceable nullity,” on the grounds that the defendant could not be located because of the hurricane and that the six-month period within which to challenge the judgment of bond forfeiture had been extended by Executive Order No. KBB 2005-48.
The trial court concluded that the executive order did not apply to bond forfeitures and denied the motion to set aside the bond forfeiture. Bankers appealed.[2] While this appeal was pending, the Louisiana Legislature enacted Act 466 of 2006, which provides for handling of bond obligations and bond forfeitures following fortuitous events such as hurricanes or other disasters.
La.R.S. 15:85 sets out the grounds and procedures for forfeiture and collection of bail bonds. The following paragraph applies here:
*108 14(5) Summary proceedings. The defendant and his sureties shall be entitled to bring defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within sixty days from mailing the notice of the signing of the judgment of bond forfeiture.... The defendant and his sureties shall be entitled to bring defenses pursuant to Code of Criminal Procedure Art. 345 and R.S. 15:87 by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within six months from mailing the notice of the signing of the judgment of bond forfeiture.
La.R.S. 15:87 provides a defense to forfeiture where the defendant’s failure to attend a court proceeding was because the defendant was in jail in another jurisdiction on that date. La.R.S. 15:87(A)(2).
La.C.Cr.P. art. 345 provides for surrender of a defendant “at any time prior to forfeiture or within the time allowed by law for setting aside a judgment of forfeiture of the bail bond.” La.C.Cr.P. art. 345(A). It provides several defenses to forfeiture and/or bases for discharge of the surety from obligation under the bond, including where the defendant is found to be incarcerated in another parish of the state of Louisiana or a foreign jurisdiction during the six-month period, allowed for the surrender of the defendant. La. C.Cr.P. art. 345(D).
On appeal Bankers raises the following issues:
1. The trial court should have granted the Motion to Set Aside Judgment of Bond Forfeiture, because the Governor’s Executive Order of September 23, 2005 extends the deadline for surrender or location of a defendant.
2. This matter should be remanded for further proceedings in light of Act 466 of the 2006 Regular Session of the Louisiana Legislature, an act which is now effective law, which has a retroactive effect, and which is specifically applicable hereto.
The State, in opposition to the appeal, argues that any post-Katrina extension of prescription dates is inapplicable because the Motion to Set Aside the Judgment 15of Bond Forfeiture and Petition for Nullity of Judgment was untimely prior to expiration of the six-month period. Specifically, the State asserts Bankers should have filed its motion within sixty days of the mailing of the judgment, not within six months, because the six-month period provided in La.R.S. 15:85 applies to the raising of defenses set out in La.C.Cr.P. art. 345 and La.R.S. 15:87.
The State contends that Bankers failed to assert such defenses in its motion, and, moreover, Bankers failed to raise any defense or state any reason for the defendant’s non-appearance at the March 28, 2005 court date, which occurred five months prior to Hurricane Katrina.
With respect to the amendments made by Act 466 of 2006, the State asserts that among the actions the trial court may take within its discretion is denial of relief. La. C.Cr.P. art 345(1) and (J), as amended by Acts 2006, No. 466, § 1. Hence, the State argues, the action taken by the court here was as authorized by the article, as amended, and the judgment should be affirmed.
The Executive Orders
At issue is the six-month time period within which a surety may move to set aside a judgment of bond forfeiture with a return of a defendant under La.C.Cr.P. art. 345. In this case, the six-month period overlapped the occurrence of Hurricane Katrina and the subsequent executive orders that extended prescriptive dates. *109 The specific question is whether the extension of prescriptive periods applied to the time period set out in La.C.Cr.P. art. 345.
The first Executive Order, No. KBB 2005-32, was issued on September 6, 2005 and was in effect until September 25, 2005. On September 23, 2005 the governor’s office issued Executive Order No. KBB 2005-48, which amended | ^Executive Order No. KBB 2005-32 and extended its duration until October 25, 2005.
Executive Order No. KBB 2005-48 provided in pertinent part:
A. All deadlines in legal proceedings, including liberative prescription and per-emptive periods in all courts, administrative agencies, and boards are hereby suspended until at least October 25, 2005, including, but not limited to, non-constitutionally mandated deadlines in criminal proceedings....
[[Image here]]
B. The suspension of laws as provided in Subsection 1(A) of this Executive Order shall apply statewide and in all matters, except to the extent that the suspension of deadlines in legal proceedings may hereafter be shortened or lifted, in whole or in part, by an order issued by the Louisiana Supreme Court acting in accordance with the power vested pursuant to Article V of the Constitution.
Bankers asserts that under Executive Order No. KBB 2005-48, it had until October 25, 2005 to file its motion and for the defendant to be incarcerated, so that the trial court erred in finding the executive order inapplicable.
We find the language of Executive Order No. KBB 2006-48 applies to this matter. The Legislature approved, ratified and confirmed the Governor’s issuance of Executive Orders KBB 2005-32, 48, and 67[3] in the Civil Code Ancillaries in La.R.S. 9:5821, created by Acts 2005, 1st Ex.Sess., No. 6, § 1, eff. Nov. 23, 2005. Act 6 enacted Part IV, “Suspension or Extension of Prescription, Peremption, and other Legal Deadlines during Hurricanes Katrina and Rita,” of Chapter 1 of Code Title XXIV of Code Book III of Title 9 of the Louisiana Revised Statutes of 1950, comprised of R.S. 9:5821 to 9:5835, respectively. The Act declared that it is “interpretive, curative, and procedural and therefore is to be applied retroactively as well as prospectively.” Acts 2005, 1st Ex. Sess., No. 6, § 4, eff. Nov. 23, 2005.
|7La.R.S. 9:5822(A) states, “All prescriptions ... and all peremptive periods shall be subject to a limited suspension and/or extension during the time period of August 26, 2005, through January 3, 2006.” La. R.S. 9:5823(A) provides, “All deadlines in legal proceedings, which were suspended by Executive Orders KBB 2005-32, 48, and 67, shall be subject to a limited suspension and/or extension during the time period of November 25, 2005 through January 3, 2006....”
La.R.S. 9:5824 allowed a party domiciled within specified parishes (those most affected by Hurricanes Katrina and Rita), or whose cause of action arose within such parishes, or whose attorney is domiciled within or has a law office within such parishes, to seek in any court of competent jurisdiction a limited suspension and/or extension of prescription or peremption peri *110 ods beyond the termination dates provided in La.R.S. 9:5822 and 5823. The statute provides, however, that this limited suspension or extension was to terminate on June 1, 2006.
Even if the Executive Order were interpreted to exclude bond forfeiture proceedings, however, the situation here is clearly within the scope of Act 466 of 2006.
Act 466 of 2006
As mentioned above, while this appeal was pending the Legislature passed Act 466 of the 2006 Regular Session of the Louisiana State Legislature. Among other things the act amended La.C.Cr.P. art. 345 to add subparagraphs I and J, which provide as follows:
I. In addition to and notwithstanding any other provision of law, a surety may seek an extension of time to surrender a defendant, or have the judgment of bond forfeiture set aside by filing a motion in the criminal court of record and after contradictory hearing with the district attorney and with proof satisfactory to the | sdiscretion of the court that a fortuitous event has occurred and that such event has made his performance required under the contract impossible to perform. A motion seeking relief pursuant to this Subsection must be filed within twelve months from the date of the fortuitous event, excluding legal delays. The court in its discretion may do any of the following:
(1) Set aside the forfeiture or grant the nullity.
(2) Grant an extension of time up to twelve months from the expiration of the initial six month time period from the date of the mailing of proper notice of bond forfeiture....
(3) Deny the relief.
J. Regarding bail bond forfeitures for which the notices of bond forfeiture judgments were mailed between February 28, 2005, and September 21, 2005, inclusive, in addition to and notwithstanding any other provision of law, the defendant or surety may seek an extension of time to surrender a defendant or to have a judgment of bond forfeiture set aside by filing a motion in the criminal court record and after contradictory hearing with the district attorney and with proof satisfactory to the discretion of the court that after a reasonable effort to recover the wanted fugitive, the location and return of the wanted fugitive was made impossible by damage sustained during and immediately following Hurricane Katrina or Hurricane Rita. Such motion must be filed within twelve months of the date of the storm, the effect of which gives rise to the request for relief excluding legal delays. A motion seeking relief pursuant to the Subsection must be filed within twelve months from the date of the fortuitous event, excluding legal delays. The court in its discretion may do any of the following:
(1) Set aside the forfeiture or grant the nullity.
(2) Grant an extension of time up to twelve months from the expiration of the initial six month time period from the date of the mailing of proper notice of bond forfeiture....
(3) Deny the relief.
The Act provides that it is “interpretive, curative and procedural, and therefore is to be applied retroactively as well as prospectively.” Acts 2006, No. 566, § 4, effective June 15,2006.
Although Act 466 did not become law until six months after the judgment on appeal was rendered, it became law while this appeal was pending. The | gLegislature’s clear directive in Act 466 is that the act is to be retroactively applied. *111 Courts are required to apply any retroactive new laws that are passed during pen-dency of lawsuits, within certain limitations. Mortal v. Smith & Wesson Corp., 2000-1132 (La.4/3/01), 785 So.2d 1, 10.
The general rule is that appellate courts will not consider issues raised for the first time on appeal. Another general rule, however, is that an appellate court is bound to adjudge a case before it in accordance with the law existing at the time of its decision. Where the law has changed during the pendency of a suit and retroactive application of the new law is permissible, the new law applies on appeal even though it requires reversal of a trial court judgment which was correct under the law in effect at the time it was rendered. Needless to say, where the law has changed after the trial court’s decision, the applicability of the new law can be argued for the first time only on appeal. [Citations omitted.]
Segura v. Frank, 93-1271, pp. 15-16 (La.1/14/94), 630 So.2d 714, 725.
The trial court did not consider the merits of Banker’s motion because the court felt the post-Katrina extensions of time limits did not apply; hence, the court dismissed the motion. We find that Bankers’ motion was timely filed, whether applying either the executive order or the newly-passed legislation.
Accordingly, we deem the appropriate relief is to vacate the judgment denying Bankers’ Motion to Set Aside Judgment of Bond Forfeiture and remand the matter for the trial court to consider the motion on its merits.

VACATED AND REMANDED

. The Louisiana Legislature acknowledged the effects of Hurricanes Katrina and Rita in La. Acts 2006, No. 466, § 3, as follows:
This Act specifically recognizes that hurricanes Katrina and Rita caused significant and devastating destruction of real and personal property, and resulted in the mandatory evacuation, relocation, and displacement of many residents in several parishes of the state of Louisiana. It also recognizes that the devastation caused by the hurricanes resulted in the governor declaring a disaster or emergency by executive order or proclamation pursuant to the provisions of the Louisiana Homeland Security and Emergency Assistance and Disaster Act for certain parishes. Further, it recognizes that the damages caused by these hurricanes have made it impossible for sureties and law enforcement officers to locate some defendants.

. The judgment is in the form of an order attached to the original Motion to Set Aside Judgment of Bond Forfeiture. There is a line drawn through the text of the order and the handwritten word "Denied” is written on it, plus the signature of the judge on the appropriate line. There is no date in the dateline on the order. However, the transcript of the hearing on December 8, 2005 establishes that the trial court denied the Motion to Set Aside Judgment of Bond Forfeiture in open court, and rendition of the ruling is recorded in the minute entry for December 8, 2005. Accordingly, the irregularity of the order's being undated does not impede its appealability.

. Executive Order No. KBB 2005-67 amended Executive Order No. KBB 2005-32, as amended by Executive Order No. KBB 2005-48, to provide that liberative prescriptive and peremptive periods were suspended statewide until at least Friday, November 25, 2005, and provided for suspension of deadlines in legal proceedings in specified parishes affected by Hurricane Rita.